This is an action in mandamus brought by one of the signers of a petition, in behalf of himself and the other signers of such petition, against the county board of education of Guernsey county to compel it to transfer to the Muskingum county school district a certain described territory, located in part in the rural school district of Adams township and in part in the rural school district of Westland township, in the Guernsey county school district.
The petition herein avers that a petition praying for a transfer of such territory to the Muskingum county school district, signed by more than Seventy-five per cent. of the electors residing therein, was filed with the board of education of the Guernsey county school district on July 19, 1930; that the board of education of Guernsey county refused and still refuses to make such transfer; and prays for a writ of mandamus ordering such board of education of Guernsey county to transfer such territory to the Muskingum county school district.
To this petition the board of education of Guernsey county answered, making three separate defenses.
To the second and third defenses the relator filed general demurrers. The demurrers will be considered as a demurrer to the petition.
We do not have in the record a copy of the description *Page 326 
of the territory contained in the petition filed with the board of education of Guernsey county. The petition herein, however, describes the territory as situated in both the Adams and West-land township rural school districts and as a single territory; avers that, while the description appearing in the petition herein is a more accurate description of the boundaries of the territory sought to be transferred than that contained in the petition filed with the county board of education of Guernsey county, it is the identical territory more generally described in such petition; avers that the petition filed with the board of education of Guernsey county was signed by more than seventy-five per cent. of the electors residing in the territory sought to be transferred, but contains no averment that the petition was signed by seventy-five per cent. of the electors residing in the territory situated in the Adams township rural school district, nor that it was signed by seventy-five per cent. or the electors residing in the Westland township rural school district.
The question is thus raised whether the provisions of Section 4696, General Code, under favor of which section the petition for transfer was filed, and upon which section this action is based, contemplate the joining of territory, taken from two separate rural school districts, in one description and one petition; and, if so, whether the transfer of such territory becomes mandatory upon the county board of education upon the petition of seventy-five per cent. of the electors of the combined territory, even though there be less than seventy-five per cent. of signers residing in the territory of one of such *Page 327 
rural school districts, if there be a corresponding excess of seventy-five per cent. in the other.
The language of the section itself is "a school district," and "such school district," in the singular. That fact would not of itself compel an interpretation excluding the application of the statute to a petition for transfer of territory lying in more than one school district if the manifest purpose of the legislation were consistent with such interpretation. When, however, this section is considered in connection with other legislation upon the subject of county boards of education, it becomes apparent that the purpose of this section was to confer a moiety of self-determination upon any or all of the electors of a school district, and, in a measure, to emancipate them from the dominating power which the Legislature had conferred upon county boards of education. To give the words "a school district" an interpretation as including the plural as well would be to subject the electors of a territory of one school district to the domination of the electors of an adjacent school district; for it may well happen that all the electors of a given territory of a school district may desire, by reason of dissatisfaction with existing school facilities, to have their particular territory transferred, and, for some reason or no reason, may desire to carry with them into another county school district territory of another school district adjacent to their territory, and may, by the simple process of including in their petition a description of such territory located in another school district, the electors of which are entirely satisfied with their existing school facilities, impose their will upon such territory of such other district, *Page 328 
against the will of such electors of such other district, by so limiting the territory of such other school district as not to include more electors than will equal thirty-three per cent. of the petitioning electors; whereas an interpretation of the words "a school district" in the singular, as written, and as excluding the plural, affords to the electors of any given territory of every school district the same relief from the domination of the county school board, the same power of self-determination, without exposing the electors of any district to the domination of the electors of another. We therefore are unwilling to interpret into the section words that are not there written.
The petition filed with the county board of education of Guernsey county, including territory located in two separate township rural school districts, was not sufficient either to invoke the jurisdiction of the county board of education of Guernsey county to make such transfer under Section 4696, General Code, or to make such transfer mandatory. The demurrer to the petition will be sustained and the writ denied.
Demurrer sustained and writ denied.
MARSHALL, C.J., JONES, MATTHIAS, DAY, ALLEN and KINKADE, JJ., concur. *Page 329